UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

FINIS CHISM                                                      CIVIL ACTION

VERSUS                                                           NO.  06-10483

ALLSTATE INSURANCE COMPANY                                       SECTION  "N"  (2)

## ORDER AND REASONS

Before the Court is the Motion to Remand filed herein by Plaintiff, Finis Chism (hereafter

referred to as "Chism" or "Plaintiff"), seeking remand of this cause to the 34th Judicial District Court

for the Parish of St. Bernard, State of Louisiana.  The removing defendant, Allstate Insurance

Company ("Allstate") opposes remand.  For the reasons stated herein, Plaintiff's motion is

**DENIED**.

### I.  FACTS AND PROCEDURAL HISTORY

Chism is the owner of certain property located at 1721 Center Street, Arabi, Louisiana, in

the Parish of St. Bernard.  This property was allegedly insured under a policy provided by Allstate.

As a result of the catastrophic occurrence of Hurricane Katrina and its aftermath, Chism's property

was damaged.

1

Chism made a claim with Allstate under the terms of the policy.  With the claim unresolved,

Chism filed this action on August 29, 2006, in the 34th Judicial District Court in and for the Parish

of St. Bernard, State of Louisiana, naming Allstate as the defendant.  Plaintiff seeks the following,

as reflected in the paragraphs of the Petition:

**XI.**

Petitioner seeks specific performance of the insurance contracts and an
accounting for payments due thereon and for indemnities for losses suffered as a
result.

**XII.**

Under La. R.S. 22:695, Defendant *is liable for the policy limits of Petitioner's
total losses.*

**XIII.**

Defendant *is liable for damages due to wind and water damages and all
resulting from such damages, whether or not these damages involved concurrent
causes.*

**XIV.**

Defendant was aware of the law which made them liable for damages in such
an event.

**XV.**

The dominant and efficient cause of the losses due to water entering St.
Bernard Parish beginning on August 29, 2005 from the breaches in the levees along
the Mississippi River Gulf Outlet was acts of negligence and "windstorm," standard
covered perils in the defendants' homeowners insurance policies, and do not fall
within the exclusion of "rising water", "act of God", and "other causes" standard
excluded perils in the defendant's homeowner insurance policies.

## XVI.

Defendant is liable under the duty of good faith and fair dealing under La. R.S. 22:1220, for the following acts:

(1) Misrepresenting pertinent facts or insurance policy provisions relating to any coverages at issue.

(2) Failing to pay the amount of any claim due any person insured by the contract within sixty days after receipt of satisfactory proof of loss from the claimant when such failure is arbitrary, capricious, or without probable cause.

Accordingly, Petitioner *is entitled to both general and special damages* for Defendant's breach of this imposed duty, and Petitioner *should be awarded penalties assessed against the insurer.*

## XVII.

Defendant is further liable under La. R.S. 22:658, which requires the insurer to "make a written offer to settle any property damage claim ... within thirty days after receipt of satisfactory proofs of loss of that claim."

## XVIII.

*Petitioner seeks damages for interest, punitive damages provided by statutes, attorney fees and expenses.*

## XIX.

As a result of the injuries sued upon, *Petitioner has incurred damages, injuries, inconvenience, physical discomfort, pain and suffering, past, present and future mental anguish.*

(*See* original Petition) (italics added)

On or about November 20, 2006, Allstate removed the matter to this Court, pursuant to 28 U.S.C. § 1332 and § 1441, claiming diversity between the parties and an amount in controversy exceeding $75,000.

Plaintiff moves to remand this matter, maintaining that Allstate has not met its burden of demonstrating the requisite jurisdictional amount in dispute of $75,000, and that the defendant is not a citizen of Louisiana. Thus, the sole issue to be decided for purposes of Plaintiff's motion to remand is whether the amount in controversy exceeds $75,000, exclusive of interest and costs, at the time of removal.

## II.  LAW AND ANALYSIS

"Except as otherwise expressly provided by Act of Congress," any civil action brought in state court over which United States district courts have original jurisdiction may be removed to the appropriate federal district court.  *See* 28 U.S.C. § 1441(a).  A federal district court will be found to have original jurisdiction under §1332(a) where the amount in controversy exceeds $75,000, exclusive of interest and costs, and is between citizens of different states. 28 U.S.C. § 1332(a)(1). Removal based on diversity jurisdiction under § 1332 is proper, however, only if none of the defendants properly joined and served is a citizen of the state in which the action is brought. 28 U.S.C. § 1441(b).

The burden of establishing that federal jurisdiction exists rests with the removing party. *Allen v. R & H Oil & Gas Co.,* 63 F.3d 1326, 1335 (5th Cir. 1995).  In cases where the plaintiff's petition does not specify an amount in controversy, such as this one, the Fifth Circuit has established

4

a framework for evaluating the jurisdictional amount for purposes of diversity jurisdiction. Specifically, the removing defendant can meet its burden of proving by a preponderance of the evidence that the amount in controversy has been met by showing (1) that it is "facially apparent" from the petition that the amount in controversy likely exceeds the jurisdictional amount, or by (2) "setting forth the *facts* in controversy . . . that support a finding of the requisite amount." *Luckett v. Delta Airlines, Inc.* 171 F.3d 295, 298 (5th Cir.1999) (quoting *Allen*, 63 F.3d at 1335). Once the removing party has met this burden, the plaintiff must then show with legal certainty that his recovery will not meet the jurisdictional amount. *De Aguilar v. Boeing Co.,* 47 F.3d 1404, 1412 (5th Cir.1995).

Applying these principles to the instant matter, the Court finds little doubt that Allstate has met its burden of demonstrating the jurisdictional amount of more than $75,000 in dispute. Moreover, Plaintiff's Motion to Remand rests solely on the "burden of proof" argument, providing no insight as to the true damages sought by him.

Based upon the aforequoted paragraphs, it is facially apparent that the amount in controversy likely exceeds the jurisdictional amount:  the combined policy limit involved in this case is $134,400, on property which Chism claims is a "total loss", warranting an award of "policy limits." He seeks additional amounts as a result of the alleged bad faith of Allstate under La. R.S. 22:695 and 658, as well as 22:1220; and also seeks punitive damages, in addition to attorney's fees and expenses.  Last but not least, Chism claims entitlement to recover "damages, injuries, inconvenience, physical discomfort, pain and suffering, past, present and future mental anguish."  (*See* original

5

Petition, ¶¶ 11 - 19)  There is little doubt, by any reasonable reading of Plaintiff's Petition, that Plaintiff seeks over $75,000 in damages.

Moreover, the letter from Plaintiff's counsel dated December 12, 2006 (after this action had been filed in state court and removed to federal court) makes a demand on behalf of Chism for a "total payment of $85,752.06."[1]

Because Allstate has met its burden, it is incumbent upon the Plaintiff to show with legal certainty that his recovery will not meet the jurisdictional amount.  In this matter, however, Chism has failed to offer any evidence to show a claim for damages of less than $75,000.  Plaintiff does not even provide an affidavit or stipulation[2] in an attempt to clarify any perceived ambiguity, and waiving an entitlement to any damages exceeding the jurisdictional amount.

Having found defendant has met its burden because it is facially apparent that the amount in controversy likely exceeds the jurisdictional amount, and that facts in controversy support a finding of the requisite amount, and also finding that Plaintiff has not responded with any certainty whatsoever that his intended recovery will not meet the jurisdictional amount, the Court finds that diversity jurisdiction exists over this matter.

---

[1]See letter attached to Memorandum in Opposition as Exhibit 1.  The letter references the United States District Court Eastern District docket number.

[2]Post-removal affidavits or stipulations may be considered only in limited circumstances.  If the amount in controversy is ambiguous at the time of removal, the Court may consider a post-removal stipulation, but only to determine the amount in controversy as of the date of removal.  *See Gebbia v. Wal-Mart Stores, Inc.,* 233 F.3d 880, 883 (5th Cir. 2000); *Associacion Nacional de Pescadores v. Dow Quimica de Colombia S.A.,* 988 F.2d 559, 565 (5th Cir. 1993) ( [w]hen the affidavit "clarif[ies] a petition that previously left the jurisdictional question ambiguous," the court may consider the affidavit in determining whether remand is proper).  When, on the other hand, the amount in controversy is clear from the face of the complaint, post-removal stipulations purporting to reduce the amount of damages plaintiffs seek cannot deprive the Court of jurisdiction.  *Gebbia,* 233 F.3d at 883.  *See also Ardoin v. Allstate Insurance Co.,* 2007 WL 97062 (E.D. La. Jan. 9, 2007).

### III.  CONCLUSION

For the foregoing reasons, the Motion to Remand filed by Plaintiff is **DENIED**.

New Orleans, Louisiana, this __5th__ day of <u>July</u>, 2007.

_____
**KURT D. ENGELHARDT**
**United States District Judge**